524 N.W.2d 358 (1994)
In the Matter of the GUARDIANSHIP and CONSERVATORSHIP of John, James III, and Jamie NORMAN, Minor Children,
James E. Norman, Petitioner and Appellant, and
Dee MUND, Petitioner,
v.
Susan LEINGANG, Guardian, and John, James III, and Jamie Norman, by and through their guardian ad litem, Melvin L. Webster, Respondents and Appellees.
Civ. No. 930310.
Supreme Court of North Dakota.
November 21, 1994.
*359 James E. Norman (argued), pro se.
Kapsner & Kapsner, Bismarck, for respondent and appellee Susan Leingang, guardian; argued by Leslie B. Oliver.
Melvin L. Webster, Guardian ad Litem (argued), Bismarck, for respondents and appellees John, James III, and Jamie Norman.
NEUMANN, Justice.
This is an appeal from a county court's denial of a motion to remove the guardian of three minor wards. We remanded temporarily to permit the trial court to hear the moving party's oral argument, as mandated by Rule 3.2, NDROC.[1] We now affirm the county court order.
James Norman, Jr., (Norman) murdered his estranged wife, Pamela, in the presence of their three minor children, John, James III, and Jamie. Norman was convicted of a class AA felony, and sentenced to life in prison.
Following the murder of their mother, the three minor children were placed in the temporary legal custody of Burleigh County Social Services. Temporary physical custody was given to Susan Leingang, Pamela's sister. On January 24, 1992, James and Dee Mund, the children's paternal aunt and uncle, petitioned the County Court of Burleigh County for guardianship of the children. On January 27, 1992, Leingang also petitioned the court for guardianship of the children. After considering both guardianship petitions, the county court concluded that the best interests of the children would be served by granting Leingang's petition, and so ordered. Norman did not appeal this order.
On August 31, 1993, Norman made a motion to the county court, requesting removal of the children from Leingang's home due to abuse and neglect. After considering the briefs of Norman, Leingang, and the guardian ad litem, the county court denied Norman's motion. It is the denial of this motion to remove the minor children from the guardian's home from which Norman now appeals.
*360 Norman, acting pro se, raised four issues: whether the county court erred in deciding the Rule 3.2 motion without oral argument; whether the county court erred in denying Norman's motion to remove guardian Susan Leingang; whether the county court erred in awarding Leingang guardianship over the three Norman children; and whether the county court judge should have removed herself from presiding over guardianship proceedings due to conflicts of interest. Following remand, Norman attempts to raise three additional issues: he was not provided a transcript of the oral argument; he had wanted to present the testimony of witnesses in support of his motion, and was not able to do so; and his time for oral argument was limited to 15 minutes. Norman's first issue was resolved by our temporary remand. In re Guardianship and Conservatorship of John, James III, and Jamie Norman, 521 N.W.2d 395 (N.D.1994). We address each of the others in turn.

I
Norman argues that the trial court erred in denying his motion to remove Leingang as guardian of his three children. The basis of Norman's motion was that the children were being psychologically and emotionally abused by Leingang. The trial court found that there had been no significant change in circumstances since the original guardianship determination. On appeal, Norman's position is that the trial judge was biased, and as a result, he was unfairly prejudiced. We disagree. There is sufficient evidence to support the trial court's decision, and Norman has failed to establish any bias.
We apply the clearly erroneous standard when reviewing findings in a guardianship proceeding. NDRCivP Rule 52(a); e.g., In re Guardianship of Renz, 507 N.W.2d 76, 77 (N.D.1993). A finding of fact is clearly erroneous if induced by an erroneous view of the law, if there is no evidence to support it, or if we are left with a definite and firm conviction that a mistake has been made. E.g., Renz, 507 N.W.2d at 77.
The record contains sufficient evidence in support of the trial court's finding that circumstances have not significantly changed since the granting of the guardianship. Norman attempted to relitigate the original guardianship decision at the trial level, just as he is now attempting to relitigate it at the appellate level. The time for appealing the original guardianship order has long since passed. There is an abundance of evidence which supports the trial court's decision to deny Norman's motion to remove the guardian.
Norman has failed to raise any valid evidence of bias or lack of impartiality on the part of the trial judge. A disagreement on legal questions is not evidence of bias, Sargent County Bank v. Wentworth, 500 N.W.2d 862, 879 n. 10 (N.D.1993), just as the mere fact that the judge made a ruling adverse to Norman is not evidence of bias, e.g., Farm Credit Bank of St. Paul et al. v. Brakke et al., 512 N.W.2d 718, 720 (N.D.1994).

II
Norman argues that the trial court erred in granting Leingang's guardianship petition. As we have already noted, the time for appealing the original guardianship decision has long since elapsed. The trial court did not err in refusing to revisit this issue. We will not revisit it either.

III
Norman argues that the trial judge should have recused herself from presiding over the original guardianship proceedings because of "conflict of interest." Norman relies on Rule 3(C)(1)(a) of the North Dakota Rules of Judicial Conduct,[2] which provides:
C. Disqualification.
(1) A judge's disqualification is appropriate when the judge's impartiality might reasonably be questioned, including but not limited to instances where:
(a) a judge has a personal bias or prejudice concerning a party, or personal *361 knowledge of disputed evidentiary facts concerning the proceeding.
Rule 3(C)(1)(a), NDR Jud Cond. Not only is there no evidence of conflict of interest, but the time for appealing the original guardianship determination has run.
Disqualification is not required merely because a judge has previously presided over a case in which one of the same parties was involved. Norman has failed to establish any personal bias or prejudice, or any personal knowledge of disputed evidentiary facts on the part of the trial judge. There is no evidence to even suggest that the trial judge acquired out-of-court knowledge pertaining to disputed facts of the guardianship proceeding, and as we already stated, an adverse ruling does not prove bias.

IV
Norman claims that he was denied a transcript of the oral argument. Rule 10(b), NDRAppP, requires transcripts only in cases in which an evidentiary hearing was held, and makes it the appellant's duty to order the transcript and to file proof of service of the order with the clerk of the trial court.[3] No evidentiary hearing was held on remand, and there is no indication in the record that Norman ever ordered a transcript, as required by Rule 10(b). Furthermore, Norman fails to tell us in his brief exactly what a transcript would disclose to us that would support any of his arguments presented here. The argument has no merit.

V
Norman argues next that there should have been an evidentiary hearing, but the trial court, by limiting its consideration of his motion to affidavits and arguments, denied him the opportunity to fully present his claims. A thorough search of the record fails to disclose that Norman ever requested an opportunity to present evidence, much less made any effort to convince the trial court of a need for an evidentiary hearing. Rule 3.2 provides that the trial court "may allow or require testimony on the motion." NDROC 3.2(a) (emphasis added). The civil rules state that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties...." NDRCivP 43(e). Clearly, in the absence of a request and showing of a need for an evidentiary hearing, a trial court cannot be said to have abused its discretion by considering a motion on briefs, affidavits and arguments. See Porter v. Porter, 274 N.W.2d 235, 244 (N.D.1979) (finding that "Rule 43(e), NDRCivP, allows ... trial court[s] to hear ... motion[s] wholly or partly on oral testimony, [however] we do not conclude that it is necessarily required to do so").

VI
Finally, Norman objects to the fact that oral argument was limited to 15 minutes for each of the parties. We find no error. "It is the responsibility of the trial court to maintain decorum in keeping with the nature of the proceedings and cope with the contingencies of the adversarial process as they arise." State v. Schimmel, 409 N.W.2d 335, 342 (N.D.1987). "As with cross examination, *362 the latitude and extent of oral argument is a matter `in the sound discretion of the trial court....'" Ainsworth v. State, 501 So.2d 1265, 1268 (Ala.Crim.App.1986) (quoting Connell v. State, 294 Ala. 477, 318 So.2d 710, 714 (1974)). To allow the litigants in an action to control the length of a proceeding would certainly result in chaos. Unless it can be shown that one party was unfairly prejudiced by such a limitation, we will conclude that the court acted within its discretion. While Norman alleges in a conclusory fashion that he was prejudiced by the court's limitation of time for the presentation of his arguments, he has failed to tell us what that prejudice was. Therefore, we find the court's limitation of time for oral argument in this case was not an abuse of discretion.
We affirm the county court order denying Norman's motion.
MAURICE R. HUNKE, District Judge, and VANDE WALLE, C.J., concur.
LEVINE, J., concurs in the result.
MAURICE R. HUNKE, District Judge, sitting in place of SANDSTROM, J., disqualified.
MESCHKE, J., concurring.
I concur for the reasons given in my separate opinion in Matter of Norman, 521 N.W.2d 395, 397 (N.D.1994).
NOTES
[1] Submission of motion. Upon serving and filing a motion, or within 5 days thereafter, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the Court unless counsel for any party requests oral argument on the motion. If any party who has timely served and filed a brief requests oral argument, the request must be granted. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties. The court may hear oral argument on any motion by telephonic conference. The court may require oral argument and may allow or require testimony on the motion. Requests for oral argument or the taking of testimony must be made not later than 5 days after expiration of the time for filing briefs.
NDROC 3.2(a).
[2] The North Dakota Rules of Judicial Conduct, which were in effect at the time Norman's motion was considered by the county court, were replaced by the North Dakota Code of Judicial Conduct on January 1, 1994.
[3] The transcript; duty of appellant to order; time for ordering. If an appeal is taken in a case in which an evidentiary hearing was held, it is the duty of the appellant to order a transcript of the proceedings. Three copies must be ordered for the supreme court and one copy must be ordered for each party separately represented. The order must be served on the reporter and must be for a complete transcript of the proceedings, unless a stipulation is obtained from all affected parties specifying portions which are not required for the purposes of the appeal. If a party affected by the appeal unreasonably refuses to stipulate to exclude from the transcript portions of the record not necessary to the resolution of issues raised by the appellant, the party proposing the stipulation may apply to the trial court for an order requiring the refusing party to pay for the unnecessary portions of the transcript and reasonable attorney's fees for making the application. Proof of service of the order for transcript and a copy of the stipulation of excluded portions, if applicable, must be filed with the clerk of the trial court with the notice of appeal. A party shall include in his order for transcript the following information:
1. Caption of the case;
2. Date or dates of trial;
3. Number of copies required; and
4. Names and addresses of the parties to be served with copies.
NDRAppP 10(b).