In the Matter of the ESTATE OF Halvor DINNETZ, Deceased.

Victor L. GELKING and Luana F. Vetter as Personal Representatives of the Estate of Halvor Dinnetz, Plaintiffs and Appellants,

v.

Darlene E. BOYEFF, Defendant and Appellee.

Civ. No. 940269.

Supreme Court of North Dakota.

June 2, 1995.

Carol K. Larson (argued), Pringle & Herigstad, PC, Minot, for plaintiffs and appellants.

Irvin B. Nodland (argued), Irvin B. Nodland, P.C., Bismarck, for defendant and appellee.

NEUMANN, Justice.

Victor Gelking and Luana Vetter [hereinafter Gelking], as personal representatives of the Estate of Halvor Dinnetz, appeal from a trial court ruling that sums contained in joint accounts at the time of Dinnetz's death passed by right of survivorship to Darlene Boyeff. We reverse and remand for retrial.

This is a companion case to a will challenge involving the same parties. Gelking challenged Dinnetz's will as a product of undue influence. After the trial on the merits of the will contest, both parties stipulated to the use of the record from the will contest trial to decide this case. In the will challenge the trial court found the purported last will and testament was improperly witnessed, and further found there was clear and convincing evidence the will was the product of undue influence exerted by Boyeff. The court refused to submit the will to probate and concluded Dinnetz died intestate. Gelking and Vetter were appointed co-personal representatives, and in that capacity they now challenge Boyeff's right to the balances remaining in joint accounts at Dinnetz's death.

In this case the trial court found Boyeff had assumed a relationship of personal confidence under NDCC section 59–01–08 by becoming Dinnetz's attorney-in-fact. However, the trial court also found there was no evidence Boyeff had used her position as attorney-in-fact to obtain any advantage over Dinnetz as it relates to the joint account property. The trial court concluded the proper law to be applied regarding the joint tenancy accounts was NDCC section 30.1–31–04(1) as it existed prior to the 1991 amendments.[1]

Dinnetz died January 3, 1990, at the age of 80. He spent much of his life alone. Dinnetz could not write more than his own name and apparently could not read. He had others write his checks, which he would then sign. There was testimony he drank excessively. In 1981 Boyeff and her husband moved in with Dinnetz and within two weeks Boyeff drafted a will which Dinnetz signed, leaving her his entire estate. This was the will the trial court found was the product of undue influence. Additionally, Boyeff obtained power of attorney forms and Dinnetz signed them, making Boyeff his attorney-in-fact. Later Dinnetz also allowed Boyeff's name to be put on his savings and checking accounts as a joint tenant. Her name never appeared on any statements or on the checks themselves, but she had signed the bank's signature card.

Gelking argues the trial court erred when it failed to give the estate the benefit of a presumption of undue influence after finding a confidential relationship existed between Dinnetz and Boyeff. We agree.

North Dakota Century Code section 59–01–08 (1985) states:

*One assuming relation of personal confidence is trustee.* Everyone who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter not only

---

1. NDCC § 30.1–31–04(1), prior to the 1991 amendments.

   *Right of Survivorship.*—1. Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. If there are two or more surviving parties, their respective ownerships during lifetime shall be in proportion to their previous ownership interests under section 30.1–31–03 augmented by an equal share for each survivor of any interest the decedent may have owned in the account immediately before his death; and the right of survivorship continues between the surviving parties.

   NDCC § 30.1–31–04(1) (1976).

as to the person who reposes such confidence, but as to all persons of whose affairs he thus acquires information which was given to such person in the like confidence, or over whose affairs he, by such confidence, obtains any control.

Gelking relies on this statute in his appeal. In the past we have turned to California law to aid in construing this statute. *In re Estate of Zins by Kelsch*, 420 N.W.2d 729, 731 (N.D.1988). While we do not constrain ourselves to interpreting our statute the same as California, we have adopted at least part of their approach. *Id.* We have held "a party must establish a 'relation of personal confidence' by a preponderance of the evidence." *Id.* (quoting NDCC § 59–01–08). Additionally, we have used California law to help define what comprises a confidential relationship.

> [A] confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another, and that such relationship is a fact to be established in the same manner and by the same kind of evidence as any other fact is proven.

*In re Estate of Zins by Kelsch*, 420 N.W.2d at 731 (quoting *In re Estate of Rugani*, 108 Cal.App.2d 624, 239 P.2d 500, 505 (1952)); *see also Cullen v. Spremo*, 142 Cal.App.2d 225, 298 P.2d 579 (1956) (holding evidence that a man kept books for and advised an elderly man who had difficulty reading and writing was sufficient to establish a relationship of personal confidence); *Roeder v. Roeder*, 118 Cal.App.2d 572, 258 P.2d 581 (1953) (holding evidence a grandniece who occasionally discussed her granduncle's business affairs with him was insufficient to establish a confidential relationship).

■ Finding a confidential relationship under NDCC section 59–01–08 in turn creates a presumption of undue influence against such a "trustee"[2] by triggering application of NDCC section 59–01–16 if the trustee in any way obtains an advantage from her beneficiary. Section 59–01–16 (1985) states:

> *Presumption against trustee.* All transactions between a trustee and his beneficiary during the existence of the trust or while

the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence.

We have recognized other states apply this presumption in will contests; we, however, have specifically held the making of a will is not the type of transaction contemplated by this section and we will not apply it in will contest cases. *In re Estate of Mickelson*, 477 N.W.2d 247, 249, 250 (N.D.1991). We have specifically rejected the argument that the presumption should apply " 'whenever a confidential relationship exists between a party and the testator, coupled with that same party participating in the preparation of the will and receiving a benefit by its terms.' " *In re Estate of Polda*, 349 N.W.2d 11, 15 (N.D.1984) (quoting *In re Estate of Thomas*, 290 N.W.2d 223, 227 (N.D.1980)). The instant case, however, is not a will contest.

The effect of the application of NDCC sections 59–01–08 and 59–01–16 is that

> [when] a person assumes a relation of personal confidence [she] becomes a trustee, and any transaction [she] enters into with the other person by which [she] gains an advantage is presumed to be made under undue influence. If a party establishes sufficient facts to give rise to the presumption, the burden then shifts to the other party to prove "that the nonexistence of the presumed fact is more probable than its existence." Rule 301, NDREV.

*In re Estate of Zins by Kelsch*, 420 N.W.2d at 731. In the instant case the trial court found Gelking had proved the existence of a relationship of personal confidence. The trial court further found there was no evidence Boyeff had done anything to obtain an advantage from Dinnetz regarding the joint accounts. It is the second finding which we determine to be erroneous.

■ The trial court, perhaps relying on our will contest cases, ruled "there must be some act of wrongdoing on the part of Darlene Boyeff as it relates to these joint ac-

---

2. We recognize that no formal trust arises in this case; rather, the person in whom the confidence is reposed is deemed to be a trustee and is held to the standards of a trustee.

counts." Once the trial court found Gelking had proved the existence of a confidential relationship, it became Boyeff's burden to present evidence to rebut the statutory presumption of undue influence. *In re Estate of Zins by Kelsch,* 420 N.W.2d at 731. It was Boyeff's burden to establish there was *no* wrongdoing as to these accounts; undue influence or wrongdoing was presumed.

■ Review of this case is controlled by NDRCivP 52(a). We have said "[a] finding of fact is clearly erroneous if induced by an erroneous view of the law." *In re Guardianship and Conservatorship of Norman,* 524 N.W.2d 358, 360 (N.D.1994). The trial court's finding that Gelking failed to proffer evidence of Boyeff's wrongdoing was prompted by an erroneous view of the law and is therefore erroneous.

■ It was also error for the trial court to find Boyeff had failed to obtain an advantage. Her name was placed on the accounts as a joint tenant with a right of survivorship. Just because she did not, in Dinnetz's lifetime, withdraw funds does not mean she gained no advantage. As a joint tenant she would take the account balance in its entirety at his death. The addition of her name was, therefore, a very real advantage.

■ Boyeff alternatively argues that, even if a confidential relationship was formed, NDCC section 30.1–31–04, as it existed prior to the 1991 amendments, requires Gelking to disprove the validity of the joint accounts by clear and convincing evidence. We have faced this issue before and disagree with Boyeff's contention.

This issue arose in *In re Estate of Zins by Kelsch* where we concluded

> [s]ection 30.1–31–04(1) is not concerned with the validity of the creation of a joint account. Rather, it is concerned solely with defining the type of interest created by a joint account. This is apparent from a review of the comments to this section. Those comments state that the effect of the section "is to make an account payable to one or more of two or more parties a *survivorship arrangement* unless 'clear and convincing evidence of a different contention' is offered." [Emphasis added.]

In this case we are not concerned with what was created by the joint accounts; we are concerned with whether the decedent was unduly influenced to create those accounts. *See Estate of Aiello,* 106 Cal. App.3d 669, 165 Cal.Rptr. 207 (1980). Therefore, Section 30.1–31–04(1) is not applicable to this case.

*In re Estate of Zins by Kelsch,* 420 N.W.2d at 732. We likewise have rejected the contention that section 30.1–31–04 provides a presumption in favor of the joint account survivor by stating:

> "Even if we assume § 30.1–31–04, NDCC, creates a presumption in favor of a surviving joint tenant, that statute presumes a validly created joint account in the first instance. However, in this case, the account was invalidly created through the violation of a fiduciary duty, the presumption never arises and consequently has no effect."

*In re Estate of Zins by Kelsch,* 420 N.W.2d at 732 (quoting *In re Estate of Mehus,* 278 N.W.2d 625, 634 (N.D.1979)). The presumption of undue influence addresses the validity of the creation of the account; until we find a validly created account, NDCC section 30.1–31–04 does not apply.

Reversed and remanded for retrial.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and JAMES M. BEKKEN, District Judge, concur.

BEKKEN, JAMES M., District Judge, sitting in place of MESCHKE, J., disqualified.