2005 ND 50

**Helen V. ROBERTS, Petitioner and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Respondent and Appellee.**

**No. 20040277.**

Supreme Court of North Dakota.

March 4, 2005.

Michael Ward, Eaton, Van de Streek & Ward, Heritage Place, Minot, ND, for petitioner and appellant.

Jean R. Mullen, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Helen Roberts appealed from a judgment affirming the Department of Human Services' denial of her request for medicaid benefits. We conclude the Department's decision is supported by a preponderance of the evidence, and we affirm.

I

[¶ 2] In 1979, Roberts sold a quarter of land to her son, Daniel Kirk, under a document denominated as a mortgage deed[1] that required Kirk to pay Roberts

---

1. Although the parties have referred to the 1979 transaction as a contract for deed, the

$32,390.00 plus interest at six per cent per annum in fifteen annual installments of $3,334.97, with the first payment due on January 1, 1980, and the last payment due in 1994. In February 1991, Roberts executed a power of attorney in favor of Kirk. In June 2001, Kirk executed a satisfaction of mortgage for the land under his power of attorney for Roberts.

[¶ 3] Roberts resides at the Westhope Nursing Home, and she reportedly has Alzheimer's disease and is semi-comatose with difficulty speaking or relating to anyone. A temporary guardian was appointed for Roberts in 2003. In March 2003, Roberts applied for medicaid benefits, and her application raises issues about the effect of the 1979 mortgage deed and the 2001 satisfaction of mortgage on her eligibility for medicaid benefits. According to Sharon Bjornson, an eligibility worker from Bottineau County Social Services, Roberts had applied for medicaid benefits on two prior occasions, and Bottineau County had denied her applications because there was no verification that payments had been made on the mortgage deed. According to Bjornson, Bottineau County requested verification that all payments had been made under the mortgage deed, or an appraisal of the value of the land when the satisfaction was executed so the value of Roberts' interest could be determined. Kirk provided a photocopy of the face of a May 21, 2001 check written by him to Roberts for $3,405.73, with a notation on the memo line indicating principal of $3,212.95 and interest of $192.78, but he did not provide any other documentation that payments had been made under the mortgage deed. Bottineau County denied Roberts' March 2003 application for medicaid benefits, concluding she had failed to provide verifica-

tion that all payments had been made for the land, or an appraisal of the land when satisfaction of the mortgage deed was completed.

[¶ 4] Roberts appealed Bottineau County's denial of benefits to the Department and received an evidentiary hearing before an administrative law judge ("ALJ"). Roberts is incompetent and did not testify at the evidentiary hearing, but she sought to introduce into evidence a handwritten letter purportedly written and signed by her, which stated that, as of March 5, 1991, Kirk was "current on C. 4. D and do hereby state that the remaining land payments shall be paid to me or to Daughter Joann Rice getting the remainder of the land payments on C–4–D. But in no way shall he be pressured for the payments if money is not available." The ALJ sustained the Department's objection to the admission of the letter into evidence, stating there was no foundation to show Roberts wrote the letter, or was competent to write the letter. Kirk did not appear or testify at the evidentiary hearing, but the parties stipulated that he believed he owed Roberts no money under the mortgage deed. The ALJ admitted into evidence a copy of Kirk's May 21, 2001 check for $3,405.73, stating the copy of that check did not indicate it had been deposited in Roberts' account or cancelled, and it was the only documentation offered to show Kirk had made any payments to Roberts. The ALJ found that Kirk had failed to show he had made all the payments due Roberts under the mortgage deed, and that Roberts had the legal ability to make her assets available for her support and medical care, because she had the right either to set aside the satisfaction of mortgage and foreclose on the mortgage deed,

record reflects the document evidencing the transaction is denominated as a mortgage deed.

or to receive full payment for the land under the mortgage deed.

[¶ 5] The Department adopted the ALJ's recommendation and affirmed Bottineau County's denial of Roberts' March 2003 application for medicaid benefits. Roberts petitioned the Department for reconsideration, seeking to reopen the hearing to consider the letter that stated, as of March 5, 1991, Kirk was current on payments for the land and Kirk's "Affidavit as to authenticity of Document by Mother." The Department denied Roberts' request, concluding it was not based upon new evidence. The district court affirmed the Department's decision.

## II

[¶ 6] When an administrative agency's decision is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency rather than the district court's decision and findings. *Gross v. North Dakota Dep't of Human Servs.*, 2004 ND 24, ¶ 6, 673 N.W.2d 910. Under N.D.C.C. §§ 28–32–46 and 28–32–49, we affirm an agency's decision if its findings of fact sufficiently address the evidence and are supported by a preponderance of the evidence, its conclusions of law and order are supported by its findings of fact, its decision is supported by its conclusions of law, its decision is in accordance with the law and does not violate the claimant's constitutional rights, its rules or procedures have not deprived the claimant of a fair hearing, its conclusions of law and order sufficiently explain its rationale for not adopting a contrary recommendation by an administrative law judge, and the provisions of N.D.C.C. ch. 28–32 have been complied with in proceedings before the agency. In reviewing an agency's findings of fact, we do not make independent findings of fact or substitute our judgment for

that of the agency. *Gross*, at ¶ 6. Rather, we determine only whether a reasoning mind reasonably could have determined the agency's factual conclusions were supported by the weight of the evidence from the entire record. *Id.*

[¶ 7] The Medicaid program is intended to be a payor of last resort, and other available resources must be exhausted before medicaid will pay for an individual's care. *Wahl v. Morton County Soc. Servs.*, 1998 ND 48, ¶ 18, 574 N.W.2d 859. An applicant for medicaid benefits must prove eligibility. *Estate of Gross v. North Dakota Dep't of Human Servs.*, 2004 ND 190, ¶ 8, 687 N.W.2d 460. *Opp v. Ward County Soc. Servs. Bd.*, 2002 ND 45, ¶ 10, 640 N.W.2d 704; *Kryzsko v. Ramsey County Soc. Servs.*, 2000 ND 43, ¶ 7, 607 N.W.2d 237. A medicaid applicant has a duty to provide information necessary to establish eligibility. N.D. Admin. Code § 75–02–02.1–02.1. All actually available assets of an applicant must be considered in establishing eligibility for medicaid. N.D. Admin. Code § 75–02–02.1–25(1). Assets are actually available when the applicant has a legal interest in a liquidated sum and has the legal ability to make the sum available for support, maintenance, or medical care. *Id.* We have said an applicant must make a good faith effort to seek court intervention to make assets available for the applicant's support. *See Linser v. Office of Attorney General*, 2003 ND 195, ¶ 11, 672 N.W.2d 643; *Opp*, at ¶¶ 11, 23; *Post v. Cass County Soc. Servs.*, 556 N.W.2d 661, 665 (N.D.1996).

## III

[¶ 8] Roberts initially argues the Department erred in failing to consider the letter that stated, as of March 5, 1991, Kirk was current on payments for the land. The ALJ sustained the Department's objection to the admission into evi-

dence of the letter, stating there was no foundation to show Roberts wrote the letter, or was competent to write the letter. Roberts argues N.D.C.C. § 28–32–07 (now codified at N.D.C.C. § 28–32–25) allows consideration of information not presented at a formal hearing, and N.D.C.C. § 28–32–06 (now codified at N.D.C.C. § 28–32–24) allows waiver of the rules of evidence if necessary to ascertain substantial rights of a party to the proceeding. She argues the Department should have granted her petition for reconsideration and considered the letter because Kirk's "Affidavit as to authenticity of Document by Mother" resolves any issues regarding the lack of foundation.

■ [¶ 9] The admissibility of evidence at an adjudicative proceeding before an administrative agency is governed by the North Dakota Rules of Evidence, but the hearing officer may waive application of the rules if necessary to ascertain the substantial rights of a party to the proceeding. N.D.C.C. § 28–32–24(1). A waiver must be specifically stated orally or in writing, either prior to or at a hearing. *Id.* Here, there was no request for a waiver of the rules of evidence at the administrative hearing, and no waiver of the rules was specifically stated prior to or at the hearing. N.D.C.C. § 28–32–24(1). We conclude the ALJ did not abuse her discretion in sustaining the objection to the letter, because there was no foundational evidence offered at the hearing to support introduction of the letter into evidence. *See Piatz v. Austin Mut. Ins. Co.,* 2002 ND 115, ¶ 17, 646 N.W.2d 681 (applying abuse-of-discretion standard to foundation evidentiary issues); *Knudson v. Director, N.D. Dep't of Transp.,* 530 N.W.2d 313, 316–17 (N.D.1995) (apply abuse-of-discretion standard to hearing officer's evidentiary rulings).

■ [¶ 10] Under N.D.C.C. § 28–32–25, in an adjudicative proceeding, an agency may consider competent and relevant evidence "in its possession or furnished by members of its staff, or secured from any person in the course of an independent investigation conducted by the agency, in addition to the evidence presented at the hearing." The 1991 letter does not fall within the description of evidence an agency may consider within the meaning of N.D.C.C. § 28–32–25. Moreover, the letter was offered into evidence at the initial hearing and was not "new evidence" warranting reconsideration under N.D. Admin. Code § 75–01–03–25(1). We conclude the Department did not abuse its discretion in denying Roberts' motion for reconsideration because the 1991 letter did not meet the requirements of N.D.C.C. § 28–32–25, and was not new evidence under N.D. Admin. Code 75–01–03–25(1).

## IV

[¶ 11] Roberts argues the mortgage deed has no value to her, and she is otherwise eligible for medicaid benefits. She argues there was no evidence presented at the administrative hearing to establish the mortgage deed had not been paid. She argues the land is not actually available to her and there is no evidence she has any reasonable case against Kirk for payment of nursing home expenses, or for payment for the land.

■ [¶ 12] Roberts' argument ignores that she has the burden of establishing her eligibility for benefits and providing information necessary to establish eligibility. N.D. Admin. Code § 75–02–02.1–02.1; *Gross,* 2004 ND 190, ¶ 8, 687 N.W.2d 460. Kirk has had a power of attorney for Roberts since 1991, which entails a confidential relationship and fiduciary responsibilities to her. *See Matter of Estate of Dinnetz,* 532 N.W.2d 672, 673–74 (N.D.1995).

When a confidential relationship or fiduciary duty exists, the person in whom the confidence is reposed is deemed to be a trustee. *Id.* at 674, n. 2. A trustee must act with the highest good faith toward the beneficiary and may not obtain any advantage over the beneficiary. *Id.* at 674; N.D.C.C. § 59–01–09. All transactions between a trustee and a beneficiary by which the trustee obtains any advantage from the beneficiary are presumed to be entered into without sufficient consideration and under undue influence. N.D.C.C. § 59–01–16.

[¶ 13] Here, Kirk, under his power of attorney for Roberts, received an advantage by executing the satisfaction of mortgage in his favor in June 2001, and a presumption arose that his execution of the satisfaction of the mortgage was without sufficient consideration and under undue influence. Under N.D.R.Ev. 301(a), a presumption substitutes for evidence of the presumed fact until the trier of fact finds from credible evidence that the presumed fact does not exist. Kirk failed to provide evidence to rebut the presumption that the satisfaction of the mortgage was without sufficient consideration. Roberts has a right to have Kirk's satisfaction of the mortgage set aside and the property returned to her, or to receive full payment for the property under the mortgage deed. Roberts has failed to show that she would have been unsuccessful in exercising her legal rights to set aside the satisfaction of the mortgage. *See Linser,* 2003 ND 195, ¶ 11, 672 N.W.2d 643, *Post,* 556 N.W.2d at 665.

[¶ 14] On this record, we conclude a reasoning mind could reasonably conclude Kirk failed to rebut the presumption he executed the mortgage satisfaction without sufficient consideration and Roberts was entitled to set aside the satisfaction. We further conclude a reasoning mind could reasonably conclude Roberts failed to prove the payments had been made under the mortgage deed. We, therefore, conclude the Department's determination that Roberts failed to establish her eligibility for benefits is supported by a preponderance of the evidence and is in accordance with the law.

V

[¶ 15] We affirm the judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.