2006 ND 243

**Viola ALLARD, Plaintiff
and Appellant**

v.

**Karen JOHNSON, Defendant
and Appellee.**

**No. 20060080.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Kevin J. Chapman (argued), Chapman Law Office, Williston, ND, for plaintiff and appellant.

Karen Johnson (argued), Williston, ND, defendant and appellee pro se.

KAPSNER, Justice.

[¶ 1] Viola Allard ("Allard") appeals from a judgment in which the district court did not apply a statutory presumption of insufficient consideration and undue influence by her attorney-in-fact. We reverse and remand for further proceedings.

## I

[¶ 2]  Allard, a 76–year–old blind woman, brought suit against her former caregiver and attorney-in-fact under a durable power of attorney, Karen Johnson ("Johnson").  Johnson allegedly made unauthorized withdrawals from Allard's bank account, totaling $28,176.75, for which Johnson cannot provide accounting; purchased a new 2004 GMC pickup in Allard's name, obligating Allard on the note; and insured the pickup in Allard's name, but failed to pay the insurance premium payments.  Before the court could decide the matter, Johnson paid Allard for the pickup and the title was transferred to Johnson's name.  All liens associated with the vehicle were released and Allard was exonerated from the obligation to pay the insurance premiums.

[¶ 3]  The court held a bench trial on December 14, 2005.  After hearing testimony on the matter, the court found the presumption arising under N.D.C.C. § 59–01–16 did not apply and there was insufficient proof to issue a money judgment for the cash withdrawals.  The court concluded, however, that Johnson's purchase of the pickup and the related transactions were a breach of Johnson's duties as Allard's attorney-in-fact.  The court also noted Allard had incurred legal fees to address these issues.  The court issued a money judgment against Johnson to pay $2,500 for Allard's attorney fees.

## II

[¶ 4]  On appeal, Allard argues the district court erred in not applying the statutory presumption of insufficient consideration and undue influence under N.D.C.C. § 59–01–16.  Johnson argues she did not breach her duties as Allard's attorney-in-fact under the durable power of attorney agreement; she did not commit fraud in purchasing the vehicle; she did not make unauthorized cash withdrawals; and she did not engage in any self-dealing transactions.  Johnson did not address the presumption issue raised in Allard's brief.

## III

[¶ 5]  Allard argues the district court erred when it did not apply the presumption of insufficient consideration and undue influence.  Section 59–01–16, N.D.C.C., provides:

All transactions between a trustee and the trust's beneficiary during the existence of the trust or while the influence acquired by the trustee remains, by which the trustee obtains any advantage from the trust's beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence.

The district court's order and judgment stated: "No presumption in favor of the Plaintiff, for undue influence against the Defendant, applies in this case."  The district court erred in making its conclusion.  The applicability of the presumption of insufficient consideration and undue influence under N.D.C.C. § 59–01–16 is a conclusion of law, " 'because [the] determination describes the legal effect of the underlying factual circumstances.' "  *Estate of Wenzel–Mosset by Gaukler v. Nickels*, 1998 ND 16, ¶ 28, 575 N.W.2d 425 (quoting *Diocese of Bismarck Trust v. Ramada, Inc.*, 553 N.W.2d 760, 768 (N.D.1996)).  Conclusions of law are fully reviewable by this Court.  *Burlington N. & Santa Fe Ry. Co. v. Burlington Res. Oil & Gas Co.*, 1999 ND 39, ¶ 10, 590 N.W.2d 433.

[¶ 6]  In this case, Johnson was Allard's agent under a durable power of attorney since June 4, 2001, "which entails a confidential relationship and fiduciary responsibilities to her."  *Roberts v. N.D. Dep't of Human Servs.*, 2005 ND 50, ¶ 12,

692 N.W.2d 922 (citing *Matter of Estate of Dinnetz,* 532 N.W.2d 672, 673–74 (N.D. 1995)). An agent cannot do any act that a trustee is forbidden to do by any of the provisions of sections 59–01–09 to 59–01–19. N.D.C.C. § 3–02–05. In *Roberts,* at ¶ 12, we stated:

> When a confidential relationship or fiduciary duty exists, the person in whom the confidence is reposed is deemed to be a trustee. [*Dinnetz,*] at 674, n. 2. A trustee must act with the highest good faith toward the beneficiary and may not obtain any advantage over the beneficiary. *Id.* at 674; N.D.C.C. § 59–01–09. All transactions between a trustee and a beneficiary by which the trustee obtains any advantage from the beneficiary are presumed to be entered into without sufficient consideration and under undue influence. N.D.C.C. § 59–01–16.

The relationship between Johnson and Allard under the power of attorney agreement created a trust relationship. *Id.* Johnson clearly engaged in a self-dealing transaction and obtained an advantage over Allard when she purchased the pickup truck. The trial court found Johnson's actions "pertaining to the purchase of the 2004 GMC pickup were unethical and inappropriate, and a breach of [Johnson's] duties as power of attorney for Viola Allard." Chapter 59–01, N.D.C.C., requires a trustee "to act in the highest good faith toward the beneficiary." N.D.C.C. § 59–01–09; *see also* N.D.C.C. § 59–01–10 ("Trustee shall not profit by use of property"); N.D.C.C. § 59–01–12 ("Use of influence for own advantage prohibited"); N.D.C.C. § 59–01–15 ("Violation is a fraud against beneficiary"). Johnson violated her fiduciary duties to Allard when she engaged in the self-dealing transactions and the district court erred in failing to apply the statutory presumption under N.D.C.C. § 59–01–16.

## IV

[¶ 7] We reverse and remand for further proceedings, concluding the district court erred in determining the statutory presumption under N.D.C.C. § 59–01–16 did not apply. On remand, the district court must apply the presumption.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.