**Steven E. SWANSON, North Dakota State University, assignee, Plaintiff, Appellee and Cross–Appellant,**

**v.**

**Alan J. SHEPPARD, Defendant, Appellant and Cross–Appellee.**

**Civ. No. 890025.**

Supreme Court of North Dakota.

Aug. 28, 1989.

Clifton G. Rodenburg, of Gackle, Johnson, Rodenburg & Trader, Fargo, for plaintiff, appellee, and cross-appellant North Dakota State University, assignee.

Jon R. Brakke, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant, appellant, and cross-appellee. Appearance by Alan J. Sheppard.

VANDE WALLE, Justice.

Alan J. Sheppard appealed from a county court judgment awarding damages to Steven E. Swanson for Sheppard's negligence in representing Swanson in a bankruptcy matter. We reverse and remand for further proceedings.

During November or December 1986 Swanson contacted Sheppard to discuss the possibility of filing a bankruptcy petition on Swanson's behalf. Sheppard was ultimately retained by Swanson who represented him in filing a Chapter 7 bankruptcy.

Between 1983 and 1985 Swanson completed approximately one-and-one-half years of college. During that time he secured student loans of approximately $7,000. The loans first became payable in 1986 and constituted about 47 percent of Swanson's total outstanding debt when he contacted Sheppard about the bankruptcy filing. This case centers around Swanson's student-loan obligations which were not discharged in his Chapter 7 bankruptcy.

■ It is undisputed that student-loan obligations are treated differently under Chapter 7 and Chapter 13 bankruptcies. Pursuant to 11 U.S.C. § 523(a)(8), an educational (student) loan cannot be discharged in a Chapter 7 bankruptcy proceeding unless the loan "first became due before five years ... before the date of the filing of the petition" or unless "excepting such debt from discharge ... will impose an undue hardship on the debtor and debtor's dependents." These restrictions on discharging a student loan in a Chapter 7 bankruptcy are not applicable to a Chapter 13 bankruptcy, where the bankruptcy court approves and the debtor completes a plan to pay a portion of his total debt over a period of time, with the balance of the bankrupt's debt, including his student loans, being discharged. 11 U.S.C. § 1328(a).

Swanson sued Sheppard for legal malpractice, alleging that Sheppard was negligent because he did not explain to Swanson that student-loan obligations are treated differently under Chapter 7 and Chapter 13 bankruptcy filings and that Sheppard was negligent in not filing a Chapter 13 petition on Swanson's behalf with a plan to have the student-loan obligations discharged. The trial court agreed with Swanson's as-

sertion that Sheppard was negligent in failing to properly inform his client regarding the treatment of student-loan obligations under the bankruptcy code. The trial court also found that Sheppard was negligent for filing on Swanson's behalf a Chapter 7 rather than a Chapter 13 bankruptcy.

In determining damages, the trial court concluded that Swanson had total student-loan debts, including creditor collection costs and attorney fees, of $8,397.29, which were not discharged under the Chapter 7 bankruptcy filing. The trial court further concluded that the student loans would have been discharged if Swanson had filed for bankruptcy under Chapter 13, less payments made by Swanson on his debts for three years, in an amount equal to his disposable income of $35 per month, resulting in total debt payment over that time of $1,260. Subtracting those payments from the total student-loan debt, the trial court concluded that as a result of Sheppard's negligent representation Swanson suffered damage of $7,137.29 together with interest, costs, and disbursements, for a total damages award of $7,273.74. The trial court entered judgment accordingly, from which Sheppard filed this appeal.

Sheppard has raised the following issues on appeal:

(1) Whether Swanson failed to establish the standard of care or duty and a breach of that duty by Sheppard; and

(2) Whether the trial court erred in its determination of damage proximately caused by Sheppard's negligent representation of Swanson.

Swanson filed a cross-appeal raising the following issue:

(1) Whether the trial court erred in refusing to impose sanctions against Sheppard for pleading a counterclaim for improper purposes.

■ Sheppard asserts that Swanson failed to establish the nature of the duty owed by Sheppard in representing Swanson or that Sheppard breached his duty. The standard of care to which an attorney is held in the performance of his professional services is that degree of skill, care, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in this State. *Martinson Bros. v. Hjellum*, 359 N.W.2d 865 (N.D.1985). Generally, expert testimony is necessary to establish the nature of the duty owed by the professional in that particular case and to establish whether the professional's conduct constituted a breach of duty. *Wastvedt v. Vaaler*, 430 N.W.2d 561 (N.D.1988). However, expert testimony to establish duty and breach of duty is not necessary when the professional's misconduct is so obvious that the trier of fact can adequately evaluate the professional's conduct and comprehend the breach of duty without the assistance of expert testimony. *Wastvedt, supra*, at 565. We conclude that this is such a case.

■ It is undisputed that student-loan obligations are treated differently under Chapter 7 and Chapter 13 bankruptcy proceedings. The trial court found that attorney Sheppard did not explain those differences to Swanson. The court also found that Sheppard initially told Swanson that student loans were not dischargeable and then, after amending the Chapter 7 filing to include Swanson's student-loan obligations, Sheppard informed Swanson that if his creditors made no objection the student loans would be discharged under the Chapter 7 proceedings. Under these circumstances, we do not believe that expert testimony was required to demonstrate that Sheppard had a duty to correctly advise Swanson about the basic principles of bankruptcy law regarding treatment of his student-loan obligations or that Sheppard breached that duty. See *Feil v. Wishek*, 193 N.W.2d 218 (N.D.1971).

■ Sheppard failed to explain to Swanson how his student loans would be differently treated under Chapter 7 and Chapter 13 bankruptcy filings, and the information he did give Swanson regarding student-loan discharges in bankruptcy was clearly wrong. The trial court found that this conduct by Sheppard constituted negligent representation, and, upon reviewing the

record, we conclude that the trial court's finding is not clearly erroneous.

Sheppard also asserts on appeal that the trial court erred in its determination of damage proximately caused by Sheppard's negligent conduct. The trial court awarded Swanson damages equivalent to the student-loan debt that could have been discharged under Chapter 13, but was not discharged in the Chapter 7 filing.

■ An attorney is liable to his client for damage resulting from a breach of professional duty. *Martinson Bros., supra,* at 872. The client, as the plaintiff in a malpractice action against his attorney, must establish as an element of his cause of action the damage to the client proximately caused by the breach of duty. *Wastvedt, supra,* at 564–565. Where, for instance, it is alleged that an attorney negligently failed to perform some act on behalf of the client, the plaintiff must both allege and prove that if the attorney had performed the act it would have resulted beneficially to the client. *Feldesman v. McGovern,* 44 Cal.App.2d 566, 112 P.2d 645 (Cal.Dist.Ct.App.1941). In all actions where a plaintiff is seeking to recover damages, the plaintiff has a duty to minimize or mitigate damage and may not recover for damage which could have been avoided by reasonable efforts under the existing circumstances. *Smith v. Watson,* 406 N.W.2d 685 (N.D.1987). If an attorney's negligent conduct in representing a client leaves the client with an alternative remedy or remedies which are both viable and equivalent, the result may be that the client suffers no loss or a reduced loss as the proximate cause of the attorney's negligent conduct. See 2 R. Mallen and J. Smith, *Legal Malpractice,* § 17.6 (3d Ed. 1989).

■ Cliff Rodenburg, a practicing attorney in Fargo, testified on Swanson's behalf that, in his opinion, Judge Hill of the Federal bankruptcy court in North Dakota would approve a Chapter 13 bankruptcy plan if the bankrupt committed all of his disposable income to the payment of his debts over a three-year period, even though that commitment of disposable income re-

sulted in less than a ten percent payment of the total debt. Rodenburg further testified that once a Chapter 7 bankruptcy case is closed it is very difficult to get it reopened and that Swanson's chances of now successfully petitioning for a Chapter 13 discharge of his student-loan obligations would not be very good. Michael O'Neel, also a practicing attorney in Fargo, testified on Sheppard's behalf that, in his opinion, the bankruptcy court would not have approved a Chapter 13 plan for Swanson because his disposable income which was available for payment toward his debt burden was inadequate. Mr. O'Neel also testified that it would be possible for Swanson to now "file" a Chapter 13 bankruptcy plan, but with regard to Swanson's chances of having that plan approved by the bankruptcy court O'Neel testified, "I don't know that I have an answer."

The trial court found that all of Swanson's debts would have been discharged if he had filed a petition for bankruptcy under Chapter 13, including his student-loan obligations, except for $1,260 which Swanson would have been required to pay toward those debts over a three-year period. The trial court also found that because Swanson's Chapter 7 proceedings are closed "it is impossible for the Plaintiff to reopen same in an effort to get the Chapter 7 petition withdrawn and a Chapter 13 petition filed." We have reviewed all of the evidence in this case and we are convinced that those findings by the trial court are clearly erroneous. The evidence of any damage proximately caused by Sheppard's negligent representation is merely speculative. The testimony of Mr. Rodenburg and of Mr. O'Neel was, at best, uncertain as to whether a Chapter 13 plan would have been approved by the bankruptcy court if one had initially been filed on Swanson's behalf. Their testimony was equally uncertain as to whether Swanson could at this time successfully petition for approval of a Chapter 13 plan, thereby having his student-loan obligations discharged.

We conclude that there was inadequate evidence for the trial court to ascertain the damage proximately caused by Sheppard's

negligent conduct. Under the unique circumstances of this case, we believe it is appropriate to reverse the judgment and remand this case to the trial court with instructions that Swanson be given a reasonable opportunity to pursue available remedies in the bankruptcy court to discharge his student-loan obligations, thereby mitigating his damage in this case. After giving Swanson a reasonable opportunity to do that, the trial court, having retained jurisdiction in the case, can proceed to redetermine the damage issue and enter an appropriate judgment. See R. Mallen & J. Smith, *Legal Malpractice*, § 17.5 (3d Ed. 1989).

In his cross-appeal, Swanson asserts that the trial court erred in refusing to impose sanctions against Sheppard under Rule 11, N.D.R.Civ.P., for Sheppard's filing of a counterclaim against Swanson for improper purposes.

Sheppard filed a counterclaim against Swanson seeking damages for defamation. At the close of Swanson's case, Sheppard moved to dismiss his counterclaim without introducing evidence to support the counterclaim. In moving to dismiss the counterclaim, Sheppard's attorney stated that it was apparent after examining Swanson that there was no basis for the counterclaim. The court granted Sheppard's motion to dismiss his counterclaim. Swanson then requested the court to impose sanctions against Sheppard under Rule 11, on the ground that Sheppard filed a counterclaim for an "improper purpose" to discourage Swanson from continuing with his cause of action. The trial court denied Swanson's request for sanctions against Sheppard.

Rule 11, N.D.R.Civ.P., provides in relevant part:

"*The signature of an attorney* or party *constitutes a certificate by him* that he has read the pleading, motion or other paper; *that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, *and that it is not interposed for any improper purpose,* such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... *If a pleading,* motion, or other paper *is signed in violation of this rule, the court,* upon motion of a party or upon its own motion, *shall impose upon the person who signed it,* a represented party, or both, *an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." [Emphasis added.]

The trial court found that it was "quite evident" that Sheppard interposed the counterclaim "simply to discourage the Plaintiff from continuing with his cause of action." However, the trial court refused to impose sanctions, stating "due to the fact Plaintiff incurred no additional expense as a result of the counterclaim, no monetary sanctions shall be imposed." We assume from these statements that the trial court found Sheppard violated the rule but refused to impose sanctions because Swanson incurred no additional expense. If our assumption is correct, the trial court clearly erred. Rule 11, N.D.R.Civ.P., requires the trial court to impose an appropriate sanction if a person violated the rule. *Williams v. State,* 405 N.W.2d 615 (N.D. 1987). If our assumption is incorrect and the trial court did not find that Sheppard violated the rule, the trial court was not in error. We therefore remand for the trial court to reconsider Swanson's request for sanctions.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

ERICKSTAD, C.J., GIERKE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.