# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2019 ND 184

---

| | |
|---|---|
| Richard S. Twete, | Plaintiff and Appellee |
| v. | |
| Clinton R. Mullin, Valrena M. Nelson, | Defendants and Appellants |
| and | |
| Farm Credit Service of North Dakota FLCA, Hurley Oil Properties, Inc., Bill Seerup, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint whether as an heir, devisee, legatee, creditor, or personal representative of a deceased person or under any other title of interest, | Defendants |

---

No. 20170450

---

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Steven J. Leibel (argued) and Samuel G. Larson, Bismarck, ND, for plaintiff and appellee.

Andrew Holly (argued), Nicholas J. Bullard (appeared), and Claire L. Smith (on brief), Minneapolis, MN, for defendants and appellants.

**Twete v. Mullin**

**No. 20170450**

**McEvers, Justice.**

[¶1]     Clinton Mullin and Valrena Nelson appeal from a judgment and order denying a new trial.  The judgment was entered after a jury found Mullin liable for a breach of trust and awarded Richard Twete damages for the loss of use and value of real property, and after the court in equitable proceedings imposed a constructive trust requiring the return of the real property, awarded Twete monetary damages jointly and severally against Mullin and Nelson as restitution, and granted attorney fees.  We affirm the judgment against Mullin and Nelson but reverse and remand the award of attorney fees for further consideration.


I

[¶2]     In 2009, Twete owned a farm near Grenora, and Mullin owned a farm about 100 miles away in Montana.  Twete and Mullin met in the fall of 2009 when Twete hired Mullin to harvest.  In September 2012, Twete executed quitclaim deeds conveying his farmland and minerals in Divide County and Williams County to Mullin.  Twete also sold his farm machinery and equipment to Mullin.  The transaction was documented in written contracts and deeds.

[¶3]     In June 2013, defendants Bill Seerup and Hurley Oil Properties, Inc., purchased the minerals from Mullin for $600,000.  In July 2013, Mullin executed deeds granting Nelson and Mullin a joint tenancy in the farmland, excluding minerals.  In August 2014, Mullin and Nelson entered into a mortgage with defendant Farm Credit Services.  In 2015, Twete commenced this action against Mullin and others, seeking among other things a monetary award and the rescission of certain real property transfers, and alleging claims for quiet title, undue influence, fraud, breach of fiduciary duty, malicious prosecution, constructive trust, breach of contract, and conversion or trespass to chattels.  Twete also sought equitable relief from defendants

1

Farm Credit, Seerup, and Hurley Oil. Mullin counterclaimed against Twete for quiet title, breach of contract, promissory estoppel, and conversion and trespass to chattel.

[¶4] Before trial the district court granted summary judgment against Twete, holding Seerup and Hurley Oil were good faith purchasers for value of the mineral interests. The district court also granted summary judgment to Farm Credit, holding Farm Credit is a bona fide creditor who took the mortgage from Mullin and Nelson without knowledge of any fraud or breach of trust. The Farm Credit mortgage is secured by farmland, and the court found the payoff of the Farm Credit mortgage was $945,392.37, as of May 2, 2017.

[¶5] The remaining issues were bifurcated, and the district court held a four-day jury trial in April 2017. Questions of fact were submitted to a nine-person jury, and the jury made findings on a special verdict form and awarded damages to both Twete and Mullin. In its special verdict, the jury found Mullin and Twete had a confidential relationship, Mullin had committed a breach of trust, and his breach of trust caused Twete damages. The jury awarded Twete $200,000 for the loss of use of real property and $2.35 million for the value of the real property. The jury was instructed that Twete did not seek monetary damages against Nelson, but was asked to make findings of fact involving Nelson which would be considered by the court when deciding whether any further relief was appropriate. While the jury did not award damages against Nelson, in its special verdict the jury specifically found Nelson knew or should have known of Twete's claims to the real property. The jury also found Twete liable for conversion or trespass to Mullin's personal property and awarded $200,000 for the loss of use.

[¶6] Twete moved the district court for equitable relief and elected his remedies. In the equitable proceedings, the court made findings of fact based on the evidence from trial and the jury's special verdict. The court found Twete and Mullin had agreed the conveyance was temporary while a separate lawsuit against Twete by his siblings was pending and Mullin would return the farmland and minerals on demand. Twete claimed the conveyances were the result of fraud or breach of trust. Twete

2

testified Mullin never paid any money to him for the farmland and minerals and all payments Mullin made to Twete and Twete's creditors were for his farm machinery and equipment. Twete's expert appraiser testified at trial that the fair market value of the farmland in September 2012 was $1,750,000. The court found that "[w]hile the parties disputed the amount that Mullin actually paid on Twete's behalf, there is no question that Mullin paid less than 20% of the fair market value and was unjustly enriched by the breach of confidential relationship—the amount Mullin received for the Subject Minerals alone exceeded even Defendants' position regarding the consideration paid by Mullin." The court found the deeds granting a joint tenancy to Mullin and Nelson were prepared at Nelson's office, and she knew of Twete's claim to an interest in the farmland at the time of the conveyances from Mullin to Nelson and that Nelson had not paid fair market value for the real property.

[¶7]    In its June 2017 order granting equitable relief, the court imposed a constructive trust on the farm property, found a legal remedy not adequate to address the wrongdoing found by the jury, and imposed equitable remedies. The court ordered that Mullin and Nelson convey the farmland to Twete and that they either satisfy the mortgage on the farmland or pay Twete $945,392.37 with interest. The court further awarded Twete $600,000 from Mullin for the proceeds from the sale of minerals from the property, offset the jury's competing $200,000 awards, and awarded attorney fees. The court subsequently denied defendants' post-trial motion seeking relief from the order granting equitable judgment and a stay.

[¶8]    In October 2017, the district court entered judgment, requiring that Mullin and Nelson deliver fully-executed deeds to Twete's counsel; that Twete recover $600,000 from Mullin; that Twete recover $945,392.37 from Mullin and Nelson, jointly and severally; that Twete recover attorney fees in the amount of $260,203.50 from Mullin; and that Twete recover his costs and disbursements of $6,604.45 from Mullin and Nelson, jointly and severally; all with post-judgment interest accruing at 6.50 percent.

[¶9]    In December 2017, the parties filed a stipulation to extend the time for Mullin and Nelson to file a motion for new trial under N.D.R.Civ.P. 59. On December 11,

2017, the district court entered an order granting the stipulation for extension of time. On December 15, 2017, Mullin and Nelson filed their initial notice of appeal. Under the parties' stipulations, the court also entered orders granting a second and third extension of time. In February 2018, Mullin and Nelson filed a motion for new trial. On February 28, 2018, this Court remanded this case for the district court to consider the new trial motion. Twete opposed the motion.

[¶10]  In July 2018, the district court entered its order denying the motion for new trial. The court also denied their motion for protection and stay pending the post-trial motion and appeal.

II

[¶11]  Rule 39(c), N.D.R.Civ.P., provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own:  (1) may try any issue with an advisory jury; or (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right."  Under N.D.R.Civ.P. 49, a court may "require a jury to return only a special verdict in the form of a special written finding on each issue of fact."  This Court exercises "limited review of jury findings."  *Bjorneby v. Nodak Mut. Ins. Co.*, 2016 ND 142, ¶ 12, 882 N.W.2d 232 (quoting *Vanover v. Kansas City Life Ins. Co.*, 553 N.W.2d 192, 197 (N.D.1996)). "And we uphold jury verdicts when possible."  *Bjorneby*, ¶ 12; *see also Agri Indus., Inc. v. Franson*, 2018 ND 156, ¶ 13, 915 N.W.2d 146; *Olander Contracting Co. v. Gail Wachter Invs.*, 2002 ND 65, ¶ 37, 643 N.W.2d 29.

[¶12]  Rule 52(a)(6), N.D.R.Civ.P., governs our review of the district court's findings of fact under the clearly erroneous standard, stating a court's findings "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."  *See also Tornabeni v. Wold*, 2018 ND 253, ¶ 16, 920 N.W.2d 454.  "A district court's determination of whether the facts support a finding of unjust enrichment is fully reviewable on

4

appeal." *Id.* (citing *Estate of Moore*, 2018 ND 221, ¶ 9, 918 N.W.2d 69; *KLE Constr., LLC v. Twalker Dev., LLC*, 2016 ND 229, ¶ 5, 887 N.W.2d 536).

[¶13]   Under N.D.R.Civ.P. 59(c)(2), "[a] motion for a new trial must be served and filed no later than the following time after notice of entry of judgment . . . [o]n any other ground, within 60 days, unless the court, for good cause shown, extends the time." We review a district court's denial of a N.D.R.Civ.P. 59 motion for new trial for an abuse of discretion. *Sollin v. Wangler*, 2001 ND 96, ¶ 8, 627 N.W.2d 159. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law. *Id.* "The party seeking relief has the burden to affirmatively establish an abuse of discretion." *Id.* While a party is not required to move for a new trial before appealing a judgment, when a party does move for a new trial, that party is limited on appeal to the issues raised in the new trial motion. *Tuhy v. Tuhy*, 2018 ND 53, ¶ 21, 907 N.W.2d 351. The issues raised on appeal were raised in the new trial motion.

III

[¶14]   Mullin and Nelson argue that the judgment against them should be reversed because Twete's breach of trust claim fails as a matter of law.

[¶15]   Generally, N.D.C.C. §§ 59-12-01 and 59-12-02 [U.T.C. §§ 401 and 402], provide for the methods of and requirements for creating trusts, respectively. *See also* N.D.C.C. § 59-12-18 (providing requisites of trust relating to real property). Our law also allows for the imposition of implied trusts. *See Markgraf v. Welker*, 2015 ND 303, ¶¶ 21-22, 873 N.W.2d 26. Section 59-09-02(2)(o), N.D.C.C., states that the various chapters comprising North Dakota's Uniform Trust Code [U.T.C.] "do not apply to: . . . [a] resulting or constructive trust." In *Markgraf*, at ¶¶ 21-23, this Court explained clear and convincing evidence may establish an implied trust:

> There are two types of implied trusts, resulting trusts and constructive trusts. A resulting trust is based on the parties' intentions and exists where the acts or expressions of the parties indicate an intent

that a trust relation resulted from their transaction. Imposition of a resulting trust gives a vague or incomplete agreement the substance that was originally intended by the parties. The parties' intention to create a trust must be present at the time the property is conveyed.

A constructive trust is an equitable remedy to compel a person who unfairly holds a property interest to convey it to the rightful owner. Two essential elements must be established to prove the existence of a constructive trust: unjust enrichment and a confidential relationship. A confidential relationship may exist although there is no fiduciary relation; it is particularly likely to exist where there is a family relationship. Five elements must be established to prove unjust enrichment: 1) an enrichment, 2) an impoverishment, 3) a connection between the enrichment and impoverishment, 4) absence of a justification for the enrichment and impoverishment, and 5) an absence of a remedy provided by law.

(Citations and quotation marks omitted.)

A

[¶16] Mullin and Nelson argue that Twete cannot assert a breach of trust claim given Twete's admitted intent to defraud because under North Dakota law, a party is barred from using a trust to further a fraud. *See Wehe v. Wehe*, 44 N.D. 280, 286, 175 N.W. 366, 368 (1919) (holding "[u]pon plain principles of estoppel, as well as upon equitable principles that apply when a reconveyance is sought of a deed made to defraud creditors, the father was in no position to assert a trust or claim a reconveyance"). Mullin and Nelson contend relief was barred if Twete's motive for conveying the farmland was fraudulent. They point to Twete's testimony at trial that he transferred the farmland to Mullin to shield it from his siblings' lawsuit over the property.

[¶17] Mullin and Nelson further assert waiver does not apply because they sufficiently raised and objected to Twete's fraudulent intent before trial, specifically identifying statements in a brief in opposition for leave to amend the complaint to claim exemplary damages, in a response to Twete's request for equitable relief and in a post-trial motion, and during a hearing on the motion for equitable relief. They argue the district court had an independent duty to consider the issue.

6

[¶18]   Twete responds, in part relying on *Paulson v. Meinke*, 389 N.W.2d 798, 802-803 (N.D. 1986), in which this Court held a trial court's finding, that no constructive trust resulted when a husband and wife transferred land to the husband's brother at less than one-third its value on understanding that he could later repurchase it, was clearly erroneous.  This Court held the findings instead compelled implication of a trust relationship and the trial court had erred in applying the law of implied trusts. *Id.* at 802.  While the trial court found a purpose of the transfer was to avoid the husband's and wife's creditors, in reversing this Court explained: "While the defense of illegality, including a conveyance to hinder, delay or defraud creditors, can defeat an implied trust under appropriate circumstances, the policy against unjust enrichment outweighs that consideration where there are doubtful circumstances about the claim of fraud on creditors."  *Id.* (citations omitted).

[¶19]   Twete also argues this issue was waived because the affirmative defense of illegality or unclean hands were not pled in Mullin and Nelson's answers, was not raised before trial, and was not the subject of their requested jury instructions.  He contends the district court properly weighed the equities and rejected the unpleaded affirmative defense of illegality.

[¶20]   In denying the new trial motion, the district court held Mullin and Nelson never raised these objections before submission of the claims to the jury.  The court found that the defendants affirmatively proposed the jury instructions pertaining to a confidential relationship, breach of trust, and presumptive breach of trust and that the jury instructions were the subject of a written stipulation between the parties filed with the court, ratified by the defendants during trial, and relied on by the attorneys and the court when charging the jury.  The court held the jury instructions were the law of the case, any error was invited by the defendants, and any objections to the stipulated instructions were affirmatively waived.  The court also noted the defendants failed to specifically plead illegality as an affirmative defense, Twete's alleged wrongful action did not result in injury to defendants, and the weighing of the policy against unjust enrichment against Twete's wrongdoing did not bar his recovery.

7

[¶21] While Mullin and Nelson assert they objected to Twete's fraudulent intent before trial and generally raised affirmative defenses in their answers, we are not convinced the issue was sufficiently raised to the district court before trial to preserve the issue. To the extent that Mullin and Nelson did not raise illegality before trial and, moreover, stipulated to the jury instructions, we consider the issue waived. "Unopposed jury instructions become the law of the case." *Flaten v. Couture*, 2018 ND 136, ¶ 33, 912 N.W.2d 330. This Court has said that "[o]n appeal a party cannot complain about error that is of their own making." *Lorenz v. Lorenz*, 2007 ND 49, ¶ 21, 729 N.W.2d 692.

[¶22] We conclude the district court did not abuse its discretion in denying the new trial motion because Mullin and Nelson waived the issue that Twete's breach of trust claim was barred by illegality and an intent to defraud his siblings in transferring the property.


B

[¶23] Mullin and Nelson argue that Twete's breach of trust claim was based on N.D.C.C. § 59-01-08 and fails because the statute was repealed in 2007.

[¶24] Section 59-01-08, N.D.C.C., was repealed in 2007 when the legislature adopted the "North Dakota Uniform Trust Code." *See* 2007 N.D. Sess. Laws ch. 549, §§ 15, 27. Before its repeal, N.D.C.C. § 59-01-08 provided that a person voluntarily assuming a personal confidence relationship was deemed a trustee:

> Everyone who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter not only as to the person who reposes such confidence, but as to all persons of whose affairs the person thus acquires information which was given to the person in the like confidence, or over whose affairs the person, by such confidence, obtains any control.

[¶25] Mullin and Nelson argue the district court erred as a matter of law by disregarding this section's repeal, and this issue was not waived because it was raised in their new trial motion. Twete contends, however, the court properly charged the jury under the current law and applied the law of the case. He asserts any error in the

8

jury instructions was invited error by the appellants and the stipulated instructions properly state the law. He further argues substantial evidence supported the jury's and court's findings that Mullin and Twete were in a confidential relationship at the time of the conveyance.

[¶26]   In denying their new trial motion, the district court again held they had waived their argument that the breach of trust claim relies on a repealed statute when the jury was instructed by stipulation on the confidential relationship and breach of trust. The court also held it was not persuaded that the doctrine of confidential relationships had been abolished in North Dakota, in light of both the legislative history regarding the North Dakota Uniform Trust Code's adoption and this Court's case law.

[¶27]   Because the parties stipulated to the jury instructions, we conclude Mullin and Nelson waived their argument that Twete's breach of trust claim must fail because N.D.C.C. § 59-01-08 was repealed. The unopposed jury instructions became the law of the case. *Flaten*, 2018 ND 136, ¶ 33, 912 N.W.2d 330. We conclude the district court did not abuse its discretion in denying their new trial motion on this ground.

C

[¶28]   Mullin and Nelson argue the evidence was insufficient to support the breach of trust claim as a matter of law, because "friendship and kindness" do not establish a confidential relationship, and the jury expressly found in its special verdict that Mullin had not defrauded or deceived Twete by reneging on an alleged promise to return the farm property.

[¶29]   In *Gisvold v. Windbreak, Inc.*, 2007 ND 54, ¶ 11, 730 N.W.2d 597, we articulated and clarified the standard for a district court's consideration of a new trial motion arguing insufficiency of the evidence:

> [A] district court considering a motion for a new trial based on insufficiency of the evidence may not substitute its own judgment for that of the jury, or act as a thirteenth juror when the evidence is such that different persons would naturally and fairly come to different conclusions, but may set aside a jury verdict when, in considering and

9

weighing all the evidence, the court's judgment tells it the verdict is wrong because it is manifestly against the weight of the evidence.

[¶30] At trial the parties stipulated to the following jury instruction defining a "confidential relationship":

> A confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another. A confidential relationship is something approximating a business agency, professional relationship, or family tie that induces the trusting person to relax the care and vigilance he would ordinarily exercise.
>
> A person who voluntarily assumes a confidential relationship becomes a "trustee" with respect to the affairs of the other, who is the "beneficiary" of the confidential relationship.
>
> A confidential relationship is a fact to be established in the same manner and by the same kind of evidence as any other fact is proven, and need only be proven by the greater weight of the evidence.

[¶31] Twete responds the evidence showed Twete and Mullin had a very close relationship, as close to a familial relationship as he had. He asserts that the evidence shows he had trusted Mullin with his legal and financial issues and Mullin had accepted that role. Twete testified Mullin advised him in a legal matter, acting as his attorney and dictating an answer to a lawsuit, and there was also evidence showing Twete put his trust and confidence in Mullin's integrity and fidelity to protect his farm property.

[¶32] In denying the motion for new trial, the district court rejected Mullin and Nelson's argument that there was insufficient evidence of a confidential relationship. The court noted that during trial it observed the witnesses' testimony and received and reviewed the exhibits. The court agreed with the jury's findings on the special verdict that a confidential relationship existed between Mullin and Twete and found the jury's verdict was supported by substantial and compelling evidence. The court did not conclude the jury's verdict was wrong nor that it was manifestly against the weight of the evidence.

[¶33] Under our deferential standard of review, we cannot say the district court acted in an arbitrary, unreasonable, or unconscionable manner; its decision was not the product of a rational mental process leading to a reasoned determination; or the court

10

misinterpreted or misapplied the law. On this record, we conclude the district court did not abuse its discretion in rejecting their new trial motion arguing insufficient evidence supported the finding of a confidential relationship.

IV

[¶34] Mullin and Nelson argue the $945,392.37 judgment against Nelson has no basis in fact and the money judgment against her should be reversed, arguing Twete's claim against her fails because it is a derivative of his breach of trust claim. However, if Twete's breach of trust claim against Mullin stands, Nelson does not dispute that she must deed her interest in the farmland to Twete.

[¶35] In *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 18, 837 N.W.2d 359 (quotations and citations omitted), we explained the doctrine of unjust enrichment:

> Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another. To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another. For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it. The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

Generally, "[a] determination of unjust enrichment is a conclusion of law 'because it holds that a certain state of facts is contrary to equity,' and therefore, a district court's determination whether there has been unjust enrichment is fully reviewable." *Broten v. Broten*, 2017 ND 47, ¶ 10, 890 N.W.2d 847 (quoting *Matter of Estate of Zent*, 459 N.W.2d 795, 798 (N.D. 1990)); *see also Northstar Founders, LLC v. Hayden Capital USA, LLC*, 2014 ND 200, ¶ 53, 855 N.W.2d 614 (whether the facts support unjust enrichment is fully reviewable on appeal); *Smestad v. Harris*, 2012 ND 166, ¶ 15, 820

11

N.W.2d 363 (same). "The court's findings of fact supporting its unjust enrichment determination are subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a)." *Broten*, at ¶ 10.

[¶36] Mullin and Nelson assert that Twete's only claim against Nelson was to quiet title on the farmland and that he never sought damages against her in his complaint or at trial. They assert no basis exists for the monetary award because neither the jury nor the court found Nelson breached a contract, committed any fraud, had a confidential relationship, caused any damage, or was unjustly enriched. They contend Twete was estopped from seeking money damages against Nelson because Twete did not seek damages against Nelson in his complaint or at trial, the jury's findings do not support a monetary award against Nelson, and the court's judgment against her justified as "restitution" is substantively improper as there was no evidence she was unjustly enriched. Although the court justified its order as "restitution," Mullin and Nelson assert no evidence suggests she received any mortgage proceeds and uncontroverted testimony from trial was that Mullin alone took the mortgage proceeds.

[¶37] Twete responds that the equitable relief awarded against Nelson was proper. The district court's equitable order sought to place Twete in the same position before Mullin's breach of trust. He asserts Mullin and Nelson did not raise this argument before their new trial motion, and he did not seek legal relief against Nelson from the jury but rather sought the court's equitable relief. Twete argues the court properly determined clear and convincing evidence justified equitable relief against both Mullin and Nelson to effect the return of the farm property. He contends she could have avoided the monetary award by securing release of the mortgage.

[¶38] Under N.D.R.Civ.P. 8(a), a complaint need only contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief." "The purpose of N.D.R.Civ.P. 8(a) is to give a defendant notice of the nature

12

of a plaintiff's claims." *Smestad*, 2012 ND 166, ¶ 10, 820 N.W.2d 363 (citing *Estate of Hill*, 492 N.W.2d 288, 296 (N.D. 1992)). We further explained:

> Recognizing the purpose of our notice pleading requirements, we have stated the district courts "have jurisdiction to provide a remedy where none exists at law—even if the parties have not specifically requested an equitable remedy—whenever the pleadings sufficiently give notice of the party's right and demand a judgment pursuant to Rule 8, NDRCivP." *Estate of Hill*, 492 N.W.2d at 296. "Therefore, if the original complaint shows reason to grant relief, the court may consider and determine all equitable matters that are properly incidental to the complete determination of the subject matter of the case and to do complete justice between the parties." *Id.* at 296-97.

*Smestad*, at ¶ 11. In *Smestad*, we held the complaint had given the defendant fair notice the plaintiff may be entitled to recover money by way of equitable relief when the complaint, while not specifically demanding relief for unjust enrichment, had alleged the plaintiff was entitled to repayment of loans and demanded a money judgment and "such other and further relief as the Court deems just and equitable." *Id.* at ¶ 12.

[¶39] Here, Twete's amended complaint specifically sought a constructive trust and alleged Mullin had been unjustly enriched at the expense and impoverishment of Twete without justification. In the complaint's claim for quiet title, it alleged the existence of "lienors and/or subsequent owners" of the property that claimed rights to the subject property who "knew or should have known" of Mullin's alleged scheme. It sought a decree to quiet title in the property in Twete's favor and to declare Twete's interest in the estate "as superior to any interests claimed by the defendants." The complaint's prayer for relief sought damages for fair rental value, diminution of value, and damages from the "wrongful taking" and also "[f]or such other and further legal and equitable relief the court may deem just and proper."

[¶40] While a preliminary jury instruction states that Twete was not seeking monetary damages against Nelson, the instruction also states that the jury's findings of fact involving Nelson would be considered by the court "when deciding whether any further relief is appropriate." In his motion for equitable relief, Twete specifically

requested a money judgment equal to the outstanding balance of the Farm Credit mortgage be entered against Mullin and Nelson, jointly and severally, if they were unable to satisfy or remove Farm Credit's mortgage from the farm property. Although not specifically demanding relief for unjust enrichment from Nelson, the complaint and subsequent proceedings provided Nelson fair notice that Twete may be entitled to recover from her by way of equitable relief.

[¶41] In its order granting equitable relief, the district court adopted the jury's finding that Nelson knew or should have known through the exercise of reasonable diligence of Twete's claims to the farmland and that she did not pay fair market value to Mullin in exchange for receiving her interest in the farmland from Mullin. The court held Mullin and Nelson were required to satisfy the Farm Credit mortgage or facilitate the release of the farmland. The court found that "[t]he Farm Credit mortgage was taken by Mullin and Nelson, and Mullin and/or Nelson received the entire proceeds from this mortgage." The court held Twete was entitled to the money judgment against Mullin and Nelson, jointly and severally, if they failed to facilitate the release of the mortgage.

[¶42] In its order denying the new trial motion, the district court rejected Mullin and Nelson's argument that the court's ruling in equity awarding a sum of money equal to the mortgage from them jointly and severally was inconsistent with the jury instruction that Twete did not seek a money judgment against Nelson. The court held the argument elevates form over substance and was not a fair reading of the jury instructions. The court explained, "The money judgment against Nelson was an award in restitution to address Nelson's acquiescence and participation in the taking of the Farm Credit mortgage, an act that depleted the value of Twete's farm. . . . [I]t would be inequitable to allow Mullin and Nelson to be unjustly enriched by retaining the benefit of the mortgage proceeds to Twete's prejudice." To the extent its order granting equitable relief was unclear, the court also found Nelson knew or should have known of Twete's interest in the property no later than September 2012.

[¶43] The district court's findings of fact were not clearly erroneous, and those findings support the legal conclusion Nelson was unjustly enriched and Twete was entitled to restitution from her also for the amount of the Farm Credit mortgage. We therefore conclude the district court did not abuse its discretion in denying the new trial motion on this ground. We affirm the monetary judgment entered jointly and severally against Nelson.

V

[¶44] Mullin and Nelson argue the district court's attorney fee award violates North Dakota law because no statute or agreement authorizes the award.

[¶45] This Court has long held that "[a]bsent statutory or contractual authority, the American Rule assumes parties to a lawsuit bear their own attorney fees." *Candee v. Candee*, 2019 ND 94, ¶ 7, 925 N.W.2d 423 (quoting *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 19, 879 N.W.2d 423); *see also In re D.M.O.*, 2008 ND 100, ¶ 14, 749 N.W.2d 517; *H-T Enters. v. Antelope Creek Bison Ranch*, 2005 ND 71, ¶ 15, 694 N.W.2d 691. We will not set aside a district court's decision regarding attorney fees absent an abuse of discretion. *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶ 5, 628 N.W.2d 298. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

[¶46] In denying their new trial motion, the district court noted that Mullin and Nelson only challenged the amount of attorney fees, rather than Twete's entitlement to fees. The court also characterized their challenge to the amount was during an oral argument and was vague and nonspecific. While the court found they had not challenged Twete's entitlement to fees before judgment, Mullin and Nelson assert they argued attorney fees would be inappropriate at the hearing on the equitable relief motion and also objected to an attorney fee award three months before entry of the judgment. Moreover, they challenged the attorney fee award in their new trial motion.

[¶47]   Twete responds that they did not timely dispute the availability of a fee award and agreed the district court had discretion to award fees.  He contends appellants invited any alleged error and are wrong on the merits.  Relying on, among other things, *Allard v. Johnson*, 2006 ND 243, ¶ 3, 724 N.W.2d 331, and *In re Estate of Hass*, 2002 ND 82, ¶¶ 21-23, 643 N.W.2d 713 (citing *Estate of Rohrich*, 496 N.W.2d 566, 570, 572-73 (N.D. 1993)), Twete argues the common law provides the court with discretion to award attorney fees to make a successful beneficiary whole, especially in cases involving trustee misconduct or self-dealing.  He asserts North Dakota authority predating the North Dakota Uniform Trust Code supports an award of fees to beneficiaries and the North Dakota Uniform Trust Code incorporated the common law of trusts under N.D.C.C. § 59-09-06.

[¶48]   On the basis of our review, we are unable to discern what legal authority the district court relied on to award attorney fees in this case.  *Cf. Viscito v. Christianson*, 2015 ND 97, ¶¶ 25, 31, 862 N.W.2d 777 (reversing award of attorney fees and costs when unable to determine the authority the district court relied on for its award).  Although Twete provides on appeal an argument for an award of attorney fees, the district court did not provide legal authority justifying its attorney fee award in either its original attorney fee award or in its order denying the new trial motion.  We therefore reverse and remand the attorney fee award in the judgment and remand for further consideration and explanation of the legal basis authorizing the award of attorney fees in this case.

VI

[¶49]   The parties' remaining arguments are either unnecessary to our decision or without merit.  The judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings regarding attorney fees.

16

[¶50]  Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

17