FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 264

Richard S. Twete,                                                       Plaintiff and Appellee

v.

Clinton R. Mullin,                                                   Defendant and Appellant

and

Valrena M. Nelson, Farm Credit Services of
North Dakota FLCA, Hurley Oil Properties,
Inc., Bill Seerup, and all persons unknown
claiming any estate or interest in, or lien or
encumbrance upon the property described
in the Complaint whether as heir, devisee,
legatee, creditor, or personal representative
of a deceased person, or under any other title
of interest,                                                                           Defendants

## No. 20200106

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Samuel G. Larson (argued) and Steven J. Leibel (appeared), Bismarck, N.D., for plaintiff and appellee.

James A. Teigland, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1] Clinton Mullin appeals from a district court judgment awarding attorney's fees to Richard Twete. On appeal, Mullin argues that the district court abused its discretion through misapplication and misinterpretation of the law. We reverse.

I

[¶2] This is the second appeal involving this matter. *See Twete v. Mullin*, 2019 ND 184, 931 N.W.2d 198 (*Twete I*). In the first appeal, this Court affirmed the jury's finding that there was a confidential relationship between Twete and Mullin and that Mullin committed a breach of trust, but we reversed an attorney's fees award to Twete against Mullin and remanded "for further consideration and explanation of the legal basis authorizing the award of attorney fees in this case." *Id.* at ¶ 48. On remand, the parties briefed and argued whether the district court should award Twete his attorney's fees. In March of 2020, the district court again granted Twete's attorney's fees request. Mullin appeals from that order.

II

[¶3] This Court "will not set aside a district court's decision regarding attorney fees absent an abuse of discretion. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Twete I*, 2019 ND 184, ¶ 45 (citation omitted). In determining whether the district court abused its discretion through misapplication or misinterpretation of the law, we review questions of law de novo. *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77 (citation omitted).

[¶4] The American Rule, long recognized by this Court, states that absent statutory or contractual authority, parties to a lawsuit bear their own attorney's fees. *Twete I*, 2019 ND 184, ¶ 45 (citations omitted). The jury found

in its special verdict that Mullin had a confidential relationship with Twete, that Mullin committed a breach of trust, and that his breach of trust caused damages. *Id.* at ¶ 5. The court's order granting equitable relief concluded that Mullin was unjustly enriched by the breach of confidential relationship and imposed a constructive trust as a remedy. The constructive trust, being imposed by the court, provides no contractual authority for attorney's fees. Section 59-18-01(2), N.D.C.C. (U.T.C. § 1001), provides the remedies for a breach of trust, and does not include an award of attorney's fees. Thus, the attorney's fees award is also not supported by statutory authority.

[¶5]   Mullin argues North Dakota's adoption of the Uniform Trust Code (U.T.C.) foreclosed any award of attorney's fees in cases of breach of trust. Mullin bases this argument on the fact that North Dakota did not adopt U.T.C. Section 1004, which expressly grants the court discretion to award attorney's fees. *See* N.D.C.C. § 59-18-04; U.T.C § 1004. Mullin argues that declining to adopt section 1004 reflects an intent by the legislature that parties to trust litigation should be responsible for their own attorney's fees. Other statutory language indicates that the omission of section 1004 did not necessarily foreclose an award of attorney's fees in cases of breach of trust: "The *common law of trusts* and principles of equity *supplement* chapters 59-09, 59-10, 59-11, 59-12, 59-13, 59-14, 59-15, 59-16, 59-17, 59-18, and 59-19, *except* to the extent modified by [those chapters] or another statute of this state." N.D.C.C. § 59-09-06 (U.T.C. § 106) (emphasis added). Here, had section 1004 been adopted, it would have modified the common law of trusts to more liberally allow for the award of attorney's fees. *See* Uniform Trust Code § 1004, Comment ("Generally, litigation expenses were at common law chargeable against another party only in the case of egregious conduct such as bad faith or fraud."). Instead, the legislature did not adopt that section and therefore left the common law of trusts undisturbed as to attorney's fees awards.

[¶6]   There are common law exceptions to the American Rule, including when a litigant has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" and when a "plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class . . . .'" *Hall v. Cole*, 412 U.S. 1, 5 (1973). The district court concluded that "[t]he common law affords the

district court with discretion to award attorney's fees to make a successful beneficiary 'whole' in appropriate cases, especially those, like the present case, involving trustee misconduct or self-dealing, in which case a court may assess fees against the trustee personally." The court, however, misconstrued the cited case law. All the cases cited by the district court involved either statutory authority for the attorney's fees award or were based on a benefit to a class rather than one single beneficiary. *See In re Estate of Hass*, 2002 ND 82, § 22, 643 N.W.2d 713 (awarding attorney's fees under N.D.C.C. § 30.1-18-20); *In re Estate of Rohrich*, 496 N.W.2d 566 (N.D. 1993) (awarding attorney's fees where the class of beneficiaries benefited from the action); *Matter of Sturdevant*, 340 N.W.2d 888 (N.D. 1983) (denying attorney's fees where action was brought for sole benefit of plaintiff). It appears only one case has allowed a party to recover attorney's fees when the plaintiff was the sole beneficiary, but the issue of attorney's fees was not appealed and thus not considered by this Court. *Allard v. Johnson*, 2006 ND 243, ¶ 3, 724 N.W.2d 331.

[¶7]   Twete argues that the court's order granting an award of attorney's fees was correct because the action benefited the entire trust, and Ric, as the sole beneficiary, represents the entire common fund. The common fund exception to the American Rule stems from the case *Mills v. Electric Auto-Lite Co.* in which the United States Supreme Court concluded that "[a] primary judge-created exception has been to award expenses where a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392 (1970) (citation omitted). The Supreme Court explained that the policy behind this exception is that it is unjust to allow the other beneficiaries to benefit from the plaintiff's efforts without their having equally contributed to the expenses. *Id.*

[¶8]   While Twete's action brought a benefit to the entire trust, he is the only member of the class and the sole beneficiary of the trust. As the sole beneficiary of the trust, there was no one else who benefitted from Twete's legal action without having equally contributed to the expenses. The policy behind the common fund exception does not apply in this case, and "[w]hen the reason of a rule ceases so should the rule itself." N.D.C.C. § 31-11-05(1). The common

law common fund doctrine does not provide the district court authority to award attorney's fees to a class of one person.

### III

[¶9]   We conclude the district court misinterpreted the law and abused its discretion in awarding attorney's fees. We reverse the district court judgment.

[¶10] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte