# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 205

Clinton R. Mullin and Valrena M. Nelson,　　　　Plaintiffs and Appellants

　　　v.

Elizabeth L. Pendlay,　　　　　　　　　　　　Defendant and Appellee

## No. 20220148

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Alan Baker, Fargo, ND, for plaintiffs and appellants; submitted on brief.

Richard J. Thomas (argued) and Chris G. Angell (on brief), Arden Hills, MN, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]   Clinton Mullin and Valrena Nelson appeal from a judgment dismissing their claims for legal malpractice/negligence. Mullin and Nelson argue Elizabeth Pendlay committed legal malpractice by 1) stipulating to jury instructions that misstated the law, 2) failing to plead the affirmative defenses of unclean hands and/or illegality, 3) not objecting to a video admitted as evidence at the trial, and 4) filing a motion to stay with the North Dakota Supreme Court before filing an appeal. We conclude summary judgment was proper and affirm the judgment.

I

[¶2]   Mullin and Nelson brought a legal malpractice/negligence claim against Pendlay for representation Pendlay provided in their underlying litigation with Richard Twete. The history of underlying litigation was fully reviewed in *Twete v. Mullin*, 2019 ND 184, 931 N.W.2d 198, and *Twete v. Mullin*, 2020 ND 264, 952 N.W.2d 91. In summary, in 2012 Twete and Mullin agreed to the "sale" of Twete's farming operation to Mullin. Twete remained on the property after the sale. In the prior litigation, the district court found that Twete and Mullin had agreed the conveyance was intended to be temporary and intended to protect the property from claims asserted in a separate lawsuit against Twete by his siblings.

[¶3]   In November 2014, Mullin retained Pendlay to commence an action to evict Twete from the property. Twete subsequently sued Mullin and Nelson seeking a return of his property, alleging a confidential relationship existed between Twete and Mullin. Pendlay served as the attorney for Mullin and Nelson through most of the litigation and was their attorney for the trial held on April 3-7, 2017. A jury found Mullin to have breached a confidential relationship with Twete. Mullin and Nelson were ordered to convey the property back to Twete and compensate Twete for the value of any property

that could not be returned. Mullin and Nelson, represented by new counsel, appealed, and we affirmed.

[¶4]   After the conclusion of the prior litigation, Mullin and Nelson filed suit against Pendlay alleging Pendlay negligently represented Mullin and Nelson by stipulating to jury instructions that incorrectly stated the law, by failing to plead the affirmative defenses of unclean hands and/or illegality, by not objecting to video evidence offered during the trial, and by filing a motion to stay the judgment before filing an appeal. Pendlay filed a motion for summary judgment arguing there were no genuine issues of material fact preventing her from prevailing on the claims and asserting the case was time barred under the applicable statute of limitations. Mullin and Nelson filed a motion for partial summary judgment on their jury instructions claim. The district court denied Pendlay's request for summary judgment on the statute of limitations defense, granted summary judgment for Pendlay on each of the claims, and denied summary judgment for Mullin and Nelson.

## II

[¶5]   We review summary judgment orders de novo to determine if the information available to the trial court was free of any genuine issues of material fact and if the moving party was entitled to a judgment as a matter of law. *Riemers v. Omdahl*, 2004 ND 188, ¶ 4, 687 N.W.2d 445. "Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim." *Id*. Moreover, a party resisting a motion for summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Id*.

> A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means and, if appropriate, drawing the court's attention to evidence in the record . . . raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

*First Nat. Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983) (citations omitted). Issues of fact become issues of law when a reasonable

person could reach only one conclusion from the facts. *Saltsman v. Sharp,* 2011 ND 172, ¶ 5, 803 N.W.2d 553 (quoting *Doan v. City of Bismarck*, 2001 ND 152, ¶ 7, 632 N.W.2d 815).

[¶6] The elements of a legal malpractice action against an attorney for professional negligence are: 1) the existence of an attorney-client relationship, 2) a duty by the attorney to the client, 3) a breach of that duty by the attorney, and 4) damages to the client proximately caused by the breach of that duty. *Richmond v. Nodland*, 501 N.W.2d 759, 761 (N.D. 1993). When negligent representation is alleged against an attorney, the plaintiff must allege and prove performance of the act would have benefited the client. *Swanson v. Sheppard*, 445 N.W.2d 654, 658 (N.D. 1989). The plaintiff must prove the negligence of the attorney was the proximate cause of the damage. *Martinson Bros. v. Hjellum*, 359 N.W.2d 865, 872 (N.D. 1985). We have noted summary judgment is ordinarily inappropriate for legal malpractice actions. *Klem v. Greenwood*, 450 N.W.2d 738, 743 (N.D. 1990).

III

[¶7] In her motion for summary judgment, Pendlay asserted Mullin and Nelson's legal malpractice claim is time barred under the applicable statute of limitations. A claim for legal malpractice must be brought within two years after accrual of the claim. N.D.C.C. § 28-01-18. A claim accrues upon discovery (actual or constructive) of the basis for the claim or termination of the representation, whichever is later. *See, e.g., Wall v. Lewis*, 393 N.W.2d 758, 762-65 (N.D. 1986). An attorney-client relationship terminates upon completion of the tasks for which the attorney was retained. *Id.* at 762-63. "Mere speculation about ongoing contacts is not sufficient to defeat a motion for summary judgment." *Riemers*, 2004 ND 188, ¶ 16.

[¶8] The district court held there was a genuine issue of material fact as to whether the representation by Pendlay was terminated on or before this action was commenced on November 8, 2019. There is no dispute that Mullin and Nelson were aware of the basis for a claim as early as October 2016. The only dispute is when the attorney-client relationship terminated as to begin the running of the statute of limitations. Pendlay alleges the statute of limitations

3

began to run when Pendlay emailed Mullin on October 31, 2017 stating that Pendlay would not be participating in any mediation until she received payment from Mullin. The email also noted that Pendlay was continuing to discuss the potential for mediation, stated she would like to be kept up to date on the mediation, and that she would wait to hear from Mullin.

[¶9] Mullin and Nelson argue that subsequent e-mails sent on November 13, 2017 and November 15, 2017 indicate there was continued representation. On November 13, 2017, Pendlay sent Mullin an email checking in to see if Mullin heard anything about another party's willingness to mediate and whether Mullin had any luck getting the funds Pendlay had requested in her October 31, 2017 letter. In those emails Pendlay also notified Mullin that time was running out to file an appeal and that she had filed a notice of her withdrawal from providing representation in the case. In the November 15, 2017 email, Pendlay notified both Mullin and Nelson that they still owed her for prior representation and indicated that if they need anything further to reach out to her firm.

[¶10] The district court found there was a genuine issue of material fact regarding when Pendlay's representation terminated and summary judgment was not appropriate. "Ordinarily, the issue whether a statute of limitations bars an action should precede consideration of the merits, because if it does other issues need not be addressed." *Carlson v. GMD Transp., Inc.*, 2015 ND 121, ¶ 10, 863 N.W.2d 514. However, because we ultimately conclude summary judgment was properly granted in favor of Pendlay, it was unnecessary to fully resolve the issue. *See Luger v. Luger,* 2009 ND 84, ¶ 23, 765 N.W.2d 523. "Matters which are not necessary to a determination of a case need not be considered." *Nielsen v. Neuharth*, 331 N.W.2d 58, 61 (N.D. 1983).

[¶11] We conclude there is a genuine issue as to whether Pendlay was still representing Mullin and Nelson until Mullin and Nelson notified Pendlay on November 14, 2017 that they had retained new counsel. The e-mails described above raise a genuine issue of material fact whether or not the attorney-client relationship terminated on or before October 31, 2017. While it is normally preferable to resolve whether or not claims are precluded by the statute of

limitations prior to resolving claims on their merits, we affirm the district court's denial of Pendlay's motion for summary judgment on the defense of statute of limitations and review the court's subsequent dismissal of Mullin and Nelson's claims on their merits.

IV

[¶12] During the trial for the underlying litigation, Twete asserted an implied trust for his benefit had been created based upon the theory Twete and Mullin were in a confidential relationship. Pendlay stipulated to jury instructions regarding the confidential relationship. The jury instructions read as follows:

> A confidential relationship exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another. A confidential relationship is something approximating a business agency, professional relationship, or family tie that induces the trusting person to relax the care and vigilance he would ordinarily exercise.

> A person who voluntarily assumes a confidential relationship becomes a "trustee" with respect to the affairs of the other, who is the "beneficiary" of the confidential relationship.

> A confidential relationship is a fact to be established in the same manner and by the same kind of evidence as any other fact is proven, and need only be proven by the greater weight of the evidence.

[¶13] Mullin and Nelson allege these jury instructions misstate the law and it was negligent of Pendlay to stipulate to a misstatement of the law. Mullin and Nelson contend the repeal of N.D.C.C. § 59-01-08 repealed the confidential relationship theory that results in an implied trust. We disagree. The implication of a trust based upon breach of a confidential relationship is part of the common law of North Dakota and the repeal of the statute did not repeal the common law theory. *See In re Estate of Conley*, 2008 ND 148, ¶ 24, 753 N.W.2d 384 (we held the repeal of a pre-code statute did not repeal the common law presumption). Moreover, we have recognized the possibility of an implied trust based upon breach of a confidential relationship post repeal of the

5

statute. *See In re Estate of Bartelson*, 2015 ND 147, ¶ 18, 864 N.W.2d 441 (finding the record clearly established the daughter assumed a confidential relationship with the father). The common law theory of imposing a trust based upon a confidential relationship is still present in North Dakota law and the jury instructions were a correct statement of the law.

[¶14] Because the jury instructions were a correct statement of the law, there is no genuine issues of material fact supporting Mullin and Nelson's assertion of a negligence claim based upon an allegation the jury instructions incorrectly stated the law. The district court properly granted summary judgment in favor of Pendlay.

V

[¶15] Mullin and Nelson allege Pendlay was negligent by failing to plead the affirmative defenses of unclean hands/illegality. The defense of illegality invalidates a trust when the conveyance was to hinder, delay, or defraud creditors. *Paulson v. Meinke*, 389 N.W.2d 798, 802 (N.D. 1986). The unclean hands doctrine provides that no one can take advantage of their own wrong. *Beavers v. Walters*, 537 N.W.2d 647, 650-51 (N.D. 1995). However, a defendant who has profited from the wrongdoing is in no position to invoke this maxim. *Id*. A party is not a victim of the wrongdoing if they were participants in the wrongdoing. *Id*.

[¶16] Mullin and Nelson assert that they would have prevailed in the underlying litigation had the defenses of unclean hands/illegality been asserted on their behalf. In summary, they argue the transfer of property by Twete was fraudulent, having been done in an effort to avoid claims being asserted against Twete by his siblings.

[¶17] We conclude the doctrine of unclean hands/illegality does not apply to the facts of this case. To successfully plead the defenses of unclean hands/illegality the defendant must not have been a participant in the unlawful act. Here, Mullin and Nelson participated in Twete's wrongful act of transferring the property to protect the property from claims being asserted by Twete's siblings.  Mullin received a substantial benefit from the transfer of the

6

property, receiving property valued at $2,335,000 with his only form of payment being the assumption of debt in the amount of $192,000. Nelson also received a benefit, as she received the property in joint tenancy with Mullin without any payment to Twete. Mullin and Nelson profited from the transfer of land and therefore are in no position to invoke the maxim of unclean hands. Because the doctrine of unclean hands/illegality does not apply here, Pendlay did not breach a duty by failing to plead the affirmative defenses of unclean hands/illegality. The district court properly granted summary judgment in favor of Pendlay.

## VI

[¶18] During the trial in the underlying litigation, a video was submitted into evidence which depicted an interaction between Mullin, Twete, and a Divide County Deputy. Mullin, claiming ownership of the property, requested the Divide County Deputy remove Twete from the property. The video shows the subsequent interactions between the parties before and after the Divide County Deputy informed Mullin he would not evict Twete from the property. Mullin and Nelson allege the failure of Pendlay to object to admission of the video constitutes negligent representation.

[¶19] "When it is alleged that an attorney negligently failed to perform some act on behalf of the client, the plaintiff must allege and prove performance of the act would have benefited the client." *Dan Nelson Const., Inc. v. Nodland & Dickson*, 2000 ND 61, ¶ 14, 608 N.W.2d 267. The case within a case doctrine requires the plaintiff to show that, but for the attorney's alleged negligence, the litigation would have terminated in a result more favorable to the client. *Id.*

[¶20] Mullin and Nelson provided no evidence that had Pendlay objected to the video the objection would have been sustained and, provided no evidence that had the video not been played the jury would have found more favorably for Mullin and Nelson. The district court properly granted summary judgment in favor of Pendlay.

7

## VII

[¶21] In the underlying litigation, after the judgment was entered and several post-trial motions were made, Pendlay filed a Motion to Stay with this Court. We denied the motion on the grounds we did not have jurisdiction over the case because no appeal was pending. Mullin and Nelson allege Pendlay breached a duty by filing the motion because she should have known the motion was premature.

[¶22] While Mullin and Nelson have challenged the district court's conclusion that Pendlay was not negligent in filing the Motion to Stay, they have not adequately developed an argument supported by legal authority. Mullin and Nelson primarily allege they have evidence which establishes that Pendlay was negligent, but provide no supportive reasoning or citations to relevant authority. We have said before "[w]here a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue." *State v. Obrigewitch*, 356 N.W.2d 105, 109 (N.D. 1984). Mullin and Nelson failed to provide any reasoning or argument as to how they were damaged or why Pendlay was negligent in filing the Motion to Stay. Mullin and Nelson have therefore waived this issue. We affirm the district court's grant of summary judgment on their claim.

## VIII

[¶23] We conclude the district court correctly determined summary judgment was appropriate because the confidential relationship jury instructions accurately described the law, the affirmative defenses of unclean hands/illegality do not apply to the facts of this case, and Mullin and Nelson failed to provide evidence the jury verdict would have been different had there been an objection to the video evidence. We further conclude Mullin and Nelson have failed to adequately support their negligence claim related to Pendlay's filing of a Motion to Stay before filing an appeal. We affirm the judgment.

[¶24] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers

Lisa Fair McEvers
Jerod E. Tufte